FILED
2008 Jan-22  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| KEVIN E. KRITNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 05-B-1839-NE |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff Kevin E. Kritner brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits, and supplemental security income. Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be reversed and remanded for payment of benefits.

### I. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, the court's role is narrow, limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The credibility of witnesses and the resolution of conflicting statements and testimony are determined by the Commissioner as

the trier of facts. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir.1983). Although "[t]his limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence," *see Moore*, 405 F.3d at 1211, the limited review does not render affirmance of the Commissioner's decision automatic. "'[D]espite [this] deferential standard for the review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached.'" *Lamb*, 847 F.2d at 701 (citation omitted). However, even if the evidence preponderates against the Commissioner's decision, the court must affirm if the decision is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211 (citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)).

## II. <u>DISCUSSION</u>

On appeal, plaintiff contends that he is entitled to benefits because he meets the Listing for Mental Retardation, 12.05(C). (Doc. 6 at 4.) In order to meet the requirements of Listing 12.05(C), plaintiff must have "[a] valid verbal, performance, or full scale IQ of 60-70 and a physical or other mental impairment imposing an additional significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(C). The Commissioner's regulations provide, "In cases where more than one IQ is customarily derived from the test administered, e.g., where verbal, performance, and full scale IQs are provided in the

Weschsler series, we use the lowest of these . . . ." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00(D)(6)(c).

At a consultative mental examination, Jack L. Bentley, Ph.D., gave plaintiff an IQ test – Wechsler Adult Intelligence Scale - III. (R.247-48.) The results of this test yielded a Verbal IQ score of 66, a Performance IQ score of 60, and a Full Scale IQ estimate of 61; these scores placed plaintiff in the upper half to middle of the mild range of mental retardation.[1] (R. 249.) However, the ALJ rejected Dr. Bentley's determination that plaintiff was mildly retarded; he stated, "The undersigned has determined that the IQ scores in Dr. Bentley's evaluation are questionable based upon [1] earlier record findings of low average borderline intellectual functioning, and [2] higher test scores." (R. 25.) The ALJ's rejection of Dr. Bentley's evaluation on these grounds is not supported by substantial evidence.

The ALJ's reference to "higher test scores" refers to plaintiff's elementary school record. (R. 137.) The school record indicates that plaintiff scored a 106 on the "Otis Lennon" test at age 7; a question mark appears next to that score. (*Id.*) The school record also indicates that plaintiff scored an 89 on the "CAT" when he was 9 years old. (*Id.*) The Commissioner's regulations state, "Generally, the results of IQ tests tend to stabilize by the age of 16," and "IQ test results obtained between ages 7 and 16 should be considered current . . . for 2 years when the IQ is 40 or above." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00D

---

[1]"[A]bsent evidence of sudden trauma that can cause retardation, the IQ tests create a rebuttable presumption of a fairly constant IQ throughout [plaintiff's] life." *Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001).

(10).  Under these regulations, plaintiff's childhood IQ scores from before the age of 16 are not a valid indication of his IQ; therefore, such scores cannot be considered substantial evidence of his actual IQ.

Also, the court notes that the "earlier record findings of low average borderline intellectual functioning," referred to by the ALJ as a reason for rejecting Dr. Bentley's determination, are not supported by any IQ testing.  (*See* R. 24-25, 225.)  Rather, it appears these findings were based on a psychiatrist's interview with plaintiff and made without the benefit of testing.  (*Id*.)  Therefore, the court finds that these "earlier record findings" cannot be considered substantial evidence of plaintiff's intellectual functioning sufficient to rebut the IQ test results submitted by Dr. Bentley.

The court finds that the ALJ's reasons for rejecting the results of the IQ test administered by Dr. Bentley are not supported by substantial evidence.  Therefore, the decision of the ALJ is due to be reversed.

The Eleventh Circuit has held:

> Generally, a reversal with remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards. [The district] court, however, may . . . remand the case for an entry of an order awarding disability benefits where the Secretary has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.

*Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).

"[A] claimant meets the criteria for presumptive disability under Listing 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental

or physical impairment." *Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001). The results of the IQ tests administered by Dr. Bentley are not rebutted by other evidence in the record. Also, although not specifically discussed by the ALJ, the court finds no evidence that plaintiff's IQ test results were influenced by alcohol or drug use. (*See* R. 20, 24 [ALJ found that plaintiff was not using drugs or alcohol at the time of Dr. Bentley's examination]; R. 251 [Dr. Bentley found there would be no change in plaintiff's limitations if drug and/or alcohol abuse were to stop].)

In this case, he ALJ found that plaintiff had several severe mental impairments – "depression, schizoaffective disorder, obsessive compulsive disorder, [and] panic disorder." (R. 21.) He also found "that alcohol and substance abuse [were] contributing factor[s] material to a finding of disability," and "when such abuse is absent any mental restriction would not be more than moderate." (R. 23.)

The court assumes that "alcohol and substance abuse [are] contributing factor[s] material to a finding [that plaintiff is disabled], and, as the ALJ found, plaintiff's other mental impairments – depression, schizoaffective disorder, obsessive compulsive disorder and panic disorder – would impose more than minimal limitations on his ability to work absent alcohol and substance abuse.[2] (R. 21, 23.)

---

[2]Listing 12.05(C) requires plaintiff to show "a physical or other mental impairment imposing an additional and significant work-related limitation of function." As used in the Listing, "significant" means more that a "minimal" but less than "severe." *See Davis v. Shalala*, 985 F.2d at 531-32 (citing *Edwards by Edwards v. Heckler*, 755 F.2d 1513, 1517 (11th Cir. 1985)).

Therefore, given the valid IQ scores, uninfluenced by the use of drugs or alcohol, and plaintiff's limitations caused by his other mental impairments, the record establishes plaintiff meets the requirements of Listing 12.05(C).  This case will be remanded to the Commissioner for an award of benefits.

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be reversed and this cause remanded for an award of benefits.  An Order in conformity with the Memorandum Opinion will be entered contemporaneously.

**DONE**, this the 22nd day of January, 2008.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE